**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| SEVEN ANDERSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. MJG-12-2255 |
| LIGHTHOUSE RECOVERY ASSOCIATES, LLC. | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

On December 27, 2012, Plaintiff Seven Anderson ("Plaintiff") filed a Motion to Compel Discovery ("Motion") from Defendant Lighthouse Recovery Associates ("Lighthouse") in this debt collection lawsuit.  [ECF No. 14].  Plaintiff alleges that Lighthouse has failed to provide Plaintiff with any discovery responses, despite Plaintiff's good faith attempt to resolve the matter without Court involvement.  I find that a hearing is unnecessary in this case. *See* Local Rule 105.6 (D. Md. 2011).  For the reasons stated herein, Plaintiff's Motion is denied.

**I.  Background**

On July 30, 2012, Plaintiff filed a Complaint against Lighthouse alleging that Lighthouse used false, deceptive, and misleading representations or means in its attempts to collect a debt. ECF No. 1.  On August 29, 2012, Plaintiff filed a Motion for Entry of Default against Lighthouse and on September 4, 2012, the Court entered default after Lighthouse failed to appear, answer, or otherwise respond.  ECF No. 5.  Plaintiff then filed a Motion for Default Judgment on September

28, 2012, and on November 5, 2012, the Motion was granted.  ECF Nos. 6-8.  The Court

awarded Plaintiff judgment in the amount of $4,924.50.  ECF No. 8.

On November 6, 2012, Plaintiff served its first set of discovery requests on Lighthouse,

targeting information relating to its failure to receive any payments towards the judgment.  Pl.'s

Mot. to Compel, Ex. 1.  According to Plaintiff, Lighthouse failed to respond to these requests

within thirty days, as required, and has not responded since.  Pl.'s Mot. to Compel, 2.  Because

Plaintiff was dissatisfied with Lighthouse's continued failure to respond, Plaintiff filed the

instant motion on December 27, 2012.  ECF No. 14.

## II.  Analysis

Plaintiff's motion fails because of his insufficient efforts to obtain the discovery sought.

Pursuant to Rule 37, a party may move for an order compelling discovery.  Fed. R. Civ. P.

37(a)(1).  Such a motion "must include a certification that the movant has in good faith conferred

or attempted to confer with the person or party failing to make disclosures or discovery in an

effort to obtain it without court action." *Id.*  In the same vein, in this district,

> The Court will not consider any discovery motion unless the moving party has
> filed a certificate reciting (a) the date, time and place of the discovery conference,
> and the names of all persons participating therein, or (b) counsel's attempts to
> hold such a conference without success; and (c) an itemization of the issues
> requiring resolution by the Court.

Local Rule 104.7 (D. Md. 2011).  Plaintiff has failed to comply with Rule 37 and Local Rule

104.7, as he has not made a legitimate effort to resolve this dispute without court involvement.

*See Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 585 (D. Md. 2010) (refusing to consider a

motion to compel where the movant had not complied with Rule 37(a)(1) or Local Rule 104.7);

*see also Kemp v. Harris*, 263 F.R.D. 293, 297 (D. Md. 2009) (holding that the movant failed to

confer in good faith, despite filing a Certificate of Good Faith, because the movant had only sent one e-mail to the opposing party before filing its motion).

Plaintiff contends that he made "multiple attempts" to secure discovery responses from Lighthouse, but submits scant evidence to prove these attempts.  On November 6, 2012, Plaintiff sent the discovery requests to Lighthouse's registered agent, a national company providing registered agent services for payment. [1]   After receiving no response to these requests, on December 18, 2012, Plaintiff again attempted to obtain responses by mailing a letter to the registered agent and sending a brief email to a Lighthouse email address.  After receiving no response again, Plaintiff served Lighthouse with the instant motion on December 27, 2012, and filed it with the Court on the same day.

Plaintiff has not shown, nor attempted to show, that direct contact with Lighthouse was unfeasible.  Common sense dictates that Plaintiff should have researched and verified Lighthouse's contact information, after continually receiving no responses from attempted contact with the registered agent.  Plaintiff sent a single email, but provided no information about the intended recipient or the reason for believing the email would achieve the desired result.  Plaintiff has not alleged any effort to make direct contact by mail or telephone.  Thus, Plaintiff has failed to establish he made adequate efforts to resolve the present matter in good faith without court involvement. [2]

---

[1] The original lawsuit, in which Lighthouse defaulted, also was served on the registered agent.
[2] This Court further notes some concern about the use of a motion to compel where a response to discovery requests is unlikely to result, based on the opposite party's prior nonappearance in court.  The practice is fraught with potential for abuse, because of the fees and costs that can be awarded to a prevailing party under Fed. R. Civ. Pro. 37(a)(5)(A).  However, the provision allowing the court to disallow fees if "other circumstances make an award of expenses unjust" would bar a party from using the process as a fee-generating mechanism in a case of default.

For the reasons set forth above, Plaintiff's Motion [ECF No. 14] is denied. An implementing order follows.

Dated: January 29, 2013

_____/s/_____
Stephanie A. Gallagher
United States Magistrate Judge